[Civ. No. 18454. Fourth Dist., Div. One. Aug. 31, 1979.]

ALICE M. SEARLE, Plaintiff and Appellant, v.
ALLSTATE LIFE INSURANCE COMPANY,
Defendant and Respondent.

**COUNSEL**

Norvin L. Grauf for Plaintiff and Appellant.

Thorsnes, Bartolotta & McGuire and Michael T. Thorsnes for Defendant and Respondent.

**OPINION**

**BROWN (Gerald), P. J.**—Summary judgment for defendant Allstate Life Insurance Company (Allstate).

Alice Searle's (Searle) husband, Martin, insured his life with Allstate and took his own life 10 months later. The policy limited Allstate's liability to a refund of paid premiums if the insured "committed suicide, sane or insane," within two years of the effective date of the policy. Searle sued to recover the full amount of the policy.

 Searle contends summary judgment was error because Martin's state of mind is relevant, as only a sane man can commit suicide, and his state of mind presents a triable question of fact. Allstate claims Martin's state of mind is irrelevant because suicide can be an unintentional as well as an intentional act and thus, no triable issue exists.

The case turns on the meaning of the word "suicide." Webster's Third New International Dictionary (1968) page 2286 defines suicide as "the act or an instance of taking one's own life voluntarily and intentionally" or as "the deliberate and intentional destruction of his own life by a person of years of discretion and of sound mind." The Concise Oxford Dictionary (1964) page 1292 defines a suicide as a person of years of discretion and sane mind who intentionally kills himself and suicide as "intentional self slaughter"; American Heritage Dictionary of the English Language (1976) page 1287 defines suicide as "the act or an instance of intentionally killing oneself." The plain meaning of the word suicide is to intentionally take one's life.

If a person is insane and thus is incapable of forming the intent to commit suicide, how can that person commit suicide? One cannot unintentionally do an intentional · act. The phrase "suicide, sane or insane" is both ambiguous and illogical and the ambiguity will be construed against Allstate because it drafted the policy (*Neal* v. *State Farm Ins. Cos.*, 188 Cal.App.2d 690, 695 [10 Cal.Rptr. 781]). Summary judgment is appropriate only when there are no triable issues of fact (*Keene* v. *Wiggins*, 69 Cal.App.3d 308, 311 [138 Cal.Rptr. 3]). However, once the ambiguity is construed against Allstate, Martin's sanity presents a question of fact which must be determined before the liability of Allstate can be decided. If Martin was sane and intended to take his own life, then he committed suicide, and Allstate is liable for repayment of the premiums only. If, however, Martin was insane when he took his own life, then he did not commit suicide and Allstate is liable for the full value of the policy.

Summary judgment reversed.

Cologne, J., and Staniforth, J., concurred.

A petition for a rehearing was denied September 25, 1979, and respondent's petition for a hearing by the Supreme Court was denied November 8, 1979. Clark, J., Richardson, J., and Manuel, J., were of the opinion that the petition should be granted.